**Tony T. HUNTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39216.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

No attorney of record on appeal for appellant.

Henry Wade, Dist. Atty., Scott Bradley, D. M. Teague and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault; the punishment, a $500.00 fine and one month in jail.

The State's evidence reveals that Richard Walker, who was accompanied by the youthful son of one of his salesmen, delivered a new Friedrich air conditioner to to the home of Mrs. Shipman on the day in question, that he was paid $285.00 in cash and that he picked upon an old air conditioner from her garage as a trade-in. On returning to his office, Walker discovered that the compressor and fan motor were

missing from the inside of the trade-in unit, thereby measurably reducing its value. At this juncture, Walker and the boy returned to Mrs. Shipman's home, and when she refused to take her money back and return his new unit, they went to the appliance store of appellant's brother, who was a competitor of Walker. There Walker sought to have appellant's brother pay him the amount which had been allowed Mrs. Shipman for the old unit, which had been delivered to Mrs. Shipman by an employee of appellant's brother at his order. At this time, according to Walker and the boy, the appellant's brother hit Walker in the face and subsequently, at the behest of his brother, appellant pinioned Walker's arms behind him as his brother beat Walker, a man of some 140 pounds, about the face.

The testimony reveals that Walker's father had made an attempt to determine the source by which Friedrich air conditioners were supplied to appellant's brother, who, although he was not an authorized dealer, had a stock of such which he admittedly sold below list price, in opposition to the policy of the authorized Friedrich dealers. It was further revealed that Mrs. Shipman's husband and brother-in-law worked for appellant's brother.

Admitted into evidence were hospital records which reflected that Walker had been operated on for injury to his nasal and cheek bones and which established that he had sustained serious bodily injury for which he was hospitalized for five days.

Color photos of his swollen face were also admitted in proving up the extent of the injury.

The appellant's brother, a man of some 160 pounds, stated that he placed his hand on Walker's shoulder and asked him to leave the shop, at which time Walker struck the first blow, hitting him in the mouth.

The appellant, a man of about 200 pounds, testifying in his own behalf, stated that he was on the phone in the shop when he observed the fight, that the first blow was struck by Walker, and that when his brother said, "Put him (Walker) out", he complied.

A number of character witnesses testified as to the good reputation of appellant and his brother.

The jury resolved the conflict in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

No formal bills of exception accompany the record, and we have reviewed the informal bills and find that they do not reflect error.

The judgment is affirmed.